UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEVENS LIBERATORE,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br>Defendants. | Case No. 18-cv-01556-RS (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff alleges that the State of California and a "Computer Company" are watching and listening to him; putting him to sleep; making him tired; attacking his body; and controlling his thoughts, memory, actions, and bodily functions. (Compl., Dkt. No. 1 at 4-13.) President Ronald Reagan initiated this surveillance and harassment. (*Id.* at 4.) Plaintiff "told the 40th president that 'if you're going to touch my cell or me by computor [*sic*], *comfort me only*.'" (*Id.*) (emphasis in original). This 42 U.S.C. § 1983 civil rights action will be dismissed with prejudice because the allegations are irrational and wholly incredible.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See id.* at 32-33.

The allegations that Reagan initiated a plan, which is currently administered by California and a "Computer Company," to surveil and harass plaintiff are clearly baseless, irrational and wholly incredible. The complaint is DISMISSED WITH PREJUDICE as frivolous under sections 1915A and 1915(e)(2). The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 14, 2018

_____
RICHARD SEEBORG
United States District Judge

ORDER OF DISMISSAL
CASE NO. 18-cv-01556-RS

2